IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVON JOHNSON, | : | Civil Action No. 1:23-cv-251 |
| Plaintiff | : | |
| v. | : | |
| J.C. WALKER, LIEUTENANT; | : | RECEIVED |
| J. DUPONT, HEARING EXAMINER, | : | AUG 2 2 2023 |
| Defendants | : | CLERK, U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA |

## COMPLAINT

Plaintiff Travon Johnson hereby submits this § 1983 Civil Action Complaint to this here Western District Court of Pennsylvania for filing.

### I. JURISDICTION

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of state law, of rights secured by the Constitution of the United States of America. This court has jurisdiction over this matter under 28 U.S.C. Section 1331, and 1334 (a)(3), and (4).

2. Plaintiff, Travon Johnson seeks Declaratory relief pursuant to 28 U.S.C. Section 2201, and 2202. Plaintiff's claims for injunctive relief, are authorized by 28 U.S.C. Section 2283, and 2284, and Rule 65 of the Federal Rules of Civil Procedure.

3. Venue properly lies in this District (Western District of Pennsylvania) pursuant to 28 U.S.C. Section 1391(b)(2), because the events giving rise to this cause of action occurred at at The State Correctional Institution (SCI) Forest at 286 Woodland Drive, Marienville Pennsylvania 16239, which is located in Forest County within the Western District of Pennsylvania.

### II. PARTIES:

4. Plaintiff, Travon Johnson is and or was and at all times mentioned herein an individual confined within the Pennsylvania Department of Corrections and or is incarcerated at the State Correctional Institution (SCI) Forest at 286 Woodland Drive in Marienville Pennsylvania 16239.

(1)

5. Defendant J.C. Walker, Lieutenant is and was at all times mentioned herein an individual employed at the State Correctional Institution (SCI) Forest as a Correctional Officer 3 within the institutions Restricted Housing Unit (RHU) located at 286 Woodland Drive, Marienville Pennsylvania 16239.

6. Defendant J. Dupont, Hearing Examiner is and was at all times mentioned herein an individual employed by the state and tasked with conducting Misconduct Hearings at the State Correctional Institution (SCI) Forest as a Hearing Examiner at SCI-Forest located at 286 Woodland Drive, Marienville Pennsylvania 16239.

### III. PREVIOUS LAWSUITS:

7. Plaintiff, Travon Johnson has filed no other lawsuits, and or civil actions relating to the same facts espoused upon in this here action, and or otherwise relating to his incarceration.

### IV. FACTS IN SUPPORT OF CLAIMS:

8. At or around _____ Plaintiff, Travon Johnson was placed on numerous restrictions for alleged violations of facility rules.

9. As such, Plaintiff did not have access to writing materials.

10. However, on or about February 6, 2023 C/O' Termine gave Plaintiff a Pen, Paper, and Grievances.

11. Plaintiff, Travon Johnson with this pen and Grievance given to him by C/O' Termine (assumed spelling), wrote grievance #1020029 on Correctional Officer Bauer whom conducted an unauthorized cell search of his cell disguised as a cell inspection where he threw away numerous items out of Plaintiff's cell.

12. On or about February 13, 2023 Plaintiff Travon Johnson also filed Grievance # 1020029 which was not officially filed until February 14, 2023.

13. On March 11, 2023 Defendant J.C. Walker, Lieutenant came to Plaintiff's cell (J-C-6 Cell), and falsley accused Plaintiff of not writing Grievance # 1020029. Defendant J.C. Walker also threatened that if Plaintiff did not sign off on this Grievance # 1020029 that he (Walker) was going to place Plaintiff back on restrictions and or write Plaintiff up.

14. On or about 3-12-23, Plaintiff wrote a Grievance on the matter, which he submitted on 2-14-23, to which Grievance Coordinator picked up and filed by the Grievance Coordinator on March 15, 2023.

(2)

15. The following day on March 16, 2023 (after Plaintiff's Grievance on the matter was officially filed) Defendant J.C. Walker wrote a misconduct on Plaintiff for allegedly lying to an employee. Walker claimed that Plaintiff lied to him about filing Grievance # 1020029, when he claimed another inmate wrote the Grievance. The Grievance spoken of in this here paragraph is Grievance # 1020029...

16. Defendant J.C. Walker wrote this misconduct (Misconduct # D786085) strictly as an adverse action to Plaintiff's filing of Grievance # 1020029 and his refusal to sign off on said Grievance. But more specifically for Plaintiff's filing of Grievance # 1024191 against Defendant J.C. Walker the day prior to the misconduct for threatening him (Plaintiff) with repercussions if he (Plaintiff) did not sign off on Grievance # 1020029.

17. Defendant J.C. Walker as a smoke screen tactic to cover up the maliciousness of his actions, wrote on said misconduct that the reason for the 30 plus day delay of said misconduct report being written from the date of the incident, was due to him (J.C. Walker) being assigned Grievance # 1020029 on the matter, and the matter being researched.

18. However this cannot be true, for the investigation of Grievance # 1020029 that Defendant J.C. Walker was referring to was completed by J.C. Walker on April 4, 2023 – which is almost nearly two months from the date of incident (Misconduct # D786085), and 19 days after the official reporting of the incident (Misconduct # D786085), and 15 days after Plaintiff went to his hearing for said misconduct.

19. On or about March 16, 2023 Plaintiff wrote his inmate version to misconduct # D786085 on a blank piece of paper due to him being deprived of official inmate version form.

20. On March 20, 2023 Plaintiff went to Misconduct hearing for misconduct # D786085 to which Defendant J. Dupont, Hearing Examiner deprived Plaintiff of his right to submit his inmate version.

21. Thus, Plaintiff was forced to make a verbal inmate version concerning his claims that Defendant J.C. Walker wrote him up, not for violating Facility rules, but as an adverse action to Plaintiff's filing of Grievances and refusing to sign off on Grievance.

22. Defendant J.C. Walker falsely testified at Plaintiff's misconduct hearing, that Plaintiff was on restriction at time Grievance was written thereby could not have had a pen and or paper/Grievance to have written said Grievance, and that another inmate had written such Grievance.

23. Plaintiff in response argued that (1) Walker was not a hand writing forensic specialist authorized to decide whether or not Plaintiff's hand writing was the hand writing on said Grievance, and neither was Defendant J. Dupont, and that (2) despite Plaintiff being on restriction at the time,

(3)

c/o' Termine (assumed spelling) gave him (Plaintiff) a pen and Grievances on 2-6-23.

24. Plaintiff as evidence to support this fact requested that Defendant J. Dupont review camera footage to support such claim from the date of 2-6-23 on J-Unit, C-Pod. However, Defendant J.C. Walker interjected by falsley stating that such camera footage did not exist for it was only preserved for up to 10-14 days.

25. As a result, Defendant J. Dupont refused to review camera, and sanctioned Plaintiff to 30 days Disciplinary Custody status!

26. Plaintiff subsequently appealed this sanction to PRC which was denied. To which he again appealed such to The Superintendant which was denied, and then appealed such to Central office which was denied.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

27. Plaintiff as cited above in paragraphs 26 of the facts of this Complaint did Exhaust all Administrative Remedies made available to him.

## VI. CLAIMS FOR RELIEF:

22.

### A. RETALIATION CLAIM:

28. Defendant J.C. Walker, Lieutenant took adverse action (falsified misconduct) against Plaintiff for Plaintiff filing Grievance and refusing to sign off in violation of Plaintiff's First Amendment right to be free from retaliation for exercising constitutionally protected right (filing Grievance).

### B. DUE PROCESS VIOLATION:

29. Defendant J. Dupont deprived Plaintiff of his Procedural Due Process. When he J. Dupont refused to allow Plaintiff to submit evidence supporting his innocence (inmate version) and when he refused to review supporting evidence of Plaintiff's innocence (Camera footage), yet found Plaintiff Guilty of misconduct absent evidence to support such a sanction.

### C. CRUEL AND UNUSUAL PUNISHMENT:

30. Defendants J.C. Walker, and J. Dupont exercised deliberate indifference to Plaintiffs well being health and safety when they subjected him to 30 day Disciplinary Custody status knowing

(4)

he was innocent of the charges brought against him.

WHEREFORE, Plaintiff, Travon Johnson brings the above claims against the above cited Parties/Defendants in both their individual and official capacities each...

### VII. PRAYER FOR RELIEF:

31. Plaintiff seeks that he be awarded $20,000.00 in compensatory damages from each individual Parties involved for for every day he spent in solitary confinement due to the matter as well as for the violation of his rights.

32. Plaintiff seeks that he be awarded $20,000.00 in Punitive damages for the Defendants Deliberately violating his rights.

33. Plaintiff demands a Jury trial

34. Plaintiff seeks that the Defendants be made to pay the cost of litigation.

### VERIFICATION

WHEREFORE, Plaintiff Travon Johnson hereby affirms under penalty of perjury in accordance with both State and Federal Law that the foregoing statements and facts written in this hereby complaint are true and correct to my own personal knowledge and belief...

AUGUST 16, 2023
(DATE)

/s/ TRAVON JOHNSON

Travon Johnson # NZ-3531
286 Woodlawn Drive
Marienville, Pa 16239

(5)